### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT PENNSYLVANIA

| | |
|---|---|
| RONALD GUIDAS, | Hon. District Judge Stickman |
| Plaintiff, | Civ. Action No. 2:24-cv-305 |
| v. | |
| UNITED STATES STEEL CORPORATION, | |
| Defendant. | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and 29 U.S.C. § 185, Defendant United States Steel Corporation ("Defendant USS") hereby submits this Notice of Removal of a case from the Court of Common Pleas of Allegheny County and states as follows as the bases for removal.

### BACKGROUND

1. On or about February 1, 2024, Plaintiff Ronald Guidas ("Plaintiff") filed a "Class Action Complaint" (the "Complaint") captioned *Ronald Guidas v. United States Steel Corporation*, Case ID GD-24-001257, in the Court of Common Pleas of Allegheny County. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Defendant USS was served with the Complaint on February 7, 2024. No other pleadings, process, or orders were served on Defendant USS.

### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

3. This Notice is timely filed under 28 U.S.C. § 1446(b) because Defendant USS has filed this Notice of Removal within thirty (30) days of service of the Complaint.

4. Defendant USS has not filed any answer or other pleading in the Court of Common Pleas of Allegheny County.

5. The Court of Common Pleas of Allegheny County, in which Plaintiff's Complaint is filed, is within this Court's District. Therefore, the action is properly removable to this Court pursuant to 28 U.S.C. § 1446(a).

6. Pursuant to 28 U.S.C. §1446(d), Defendant has provided this written Notice of Removal to all adverse parties and will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania.

## LMRA PREEMPTION

7. This action is being removed to this Court on the basis of preemption under 29 U.S.C. § 185(a), as it involves a controversy requiring the interpretation of a collective bargaining agreement ("CBA") governing the actions of the Parties in interest.

8. In particular, Plaintiff is a member of the United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW"), a labor union with whom Defendant USS has a CBA known as the "Basic Labor Agreement", "BLA", or "Agreement". *See* Exhibit B, Declaration of Rebecca S. Bloom ("Bloom Decl."), ¶ 3, and Exhibits 1 and 2 annexed thereto.

9. The BLA, among other things, addresses union members' hours of work, work time, job duties, and rates of pay. Moreover, the BLA provides a predetermined amount of compensation to coke plant employees for time spent performing preparatory or closing activities which occur outside of their scheduled shift or away from their worksite. *Id.*; *id.* at ¶ 4.

10. At all times relevant to this action, Plaintiff was employed at Defendant USS's Clairton plant, which is specifically covered by the BLA. *Id.* at ¶ 5.

11. Plaintiff's Complaint alleges that "as a matter of policy," Defendant USS fails to compensate him and alleged Class Members for all time performing tasks prior to and after their scheduled shifts. *See* Compl. ¶¶ 10-12. The Complaint also "challenges the legality under the PMWA of Defendant's company-wide timekeeping, compensation, and payroll practices." *Id.* at ¶ 16.

12. Therefore, the compensation "policy" applicable to Plaintiff and the class of employees he purports to represent is set by the BLA. Adjudication of his PMWA claim would necessitate interpretation and application of relevant provisions of the BLA governing Plaintiff's job duties and wages.

13. Under the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141, *et seq.*, this Court has original jurisdiction over lawsuits concerning "violation[s] of contract between an employer and a labor organization[.]" 29 U.S.C. 185(a). Additionally, "when resolution of a state-law claim is substantively dependent upon analysis of the terms of an agreement made between parties in a labor contract, that claim must be treated as a[n LMRA] claim[.]" *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *see Johnson v. NBC Universal, Inc.*, 409 Fed. App'x 529, 532 (3d Cir. 2010) ("State law claims are completely preempted by the LMRA when the claims are substantively dependent upon analysis of the terms of an agreement made between the parties in a labor contract[.]") (internal quotation omitted); *Penn. Fed'n Bd. of Maintenance Way Emps. v. Nat'l R.R. Passenger Corp.*, 989 F.2d 112, 115 (3d Cir. 1993) (removal of claim under PMWA alleging that certain uncompensated activities were compensable under the statute was preempted by the LMRA because the claim "required interpretation of the collective bargaining agreement to see exactly what the duties of the employees are").

3

14. Because Plaintiff alleges actions on the part of USS that would be in breach of the BLA, and resolution of Plaintiff's PMWA claim would necessitate the analysis and interpretation of his job duties and wages as provided in the governing BLA, this Court has original jurisdiction over his claims pursuant to the LMRA's complete preemption of such claims.

## **MISCELLANEOUS**

15. Defendant USS files this Notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has stated claims upon which relief can be granted, and without conceding that Plaintiff is entitled to any damages against Defendant in any amount.

16. By filing this Notice of Removal, Defendant does not make any admission of fact, law, or liability, including expressly without conceding that Plaintiff is similarly situated to the alleged purported class. Defendant expressly reserves the right to raise any and all available procedural and substantive defenses.

17. Upon filing this Notice of Removal, Defendant USS will provide a written notification to Plaintiff and will file a Notice of Filing of Notice of Removal with the clerk of the Court of Common Pleas of Allegheny Count, Commonwealth of Pennsylvania. A copy of the Notice of Notice of Removal is attached as Exhibit C (without exhibits).

WHEREFORE, Defendant USS respectfully requests that this action, previously pending in the Court of Common Pleas of Allegheny County, be removed to the U.S. District Court for the Western District of Pennsylvania.

Date: March 6, 2024  　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　JACKSON LEWIS P.C.

　　　　　　　　　　　　　　　　　　　　*/s/ Laura C. Bunting*
　　　　　　　　　　　　　　　　　　　　Marla N. Presley, PA ID No. 91020
　　　　　　　　　　　　　　　　　　　　Laura C. Bunting, PA ID No. 307274
　　　　　　　　　　　　　　　　　　　　1001 Liberty Avenue, Suite 1000
　　　　　　　　　　　　　　　　　　　　Pittsburgh, PA 15222
　　　　　　　　　　　　　　　　　　　　(412) 232-0404 (Tel)
　　　　　　　　　　　　　　　　　　　　(412) 232-3441 (Fax)
　　　　　　　　　　　　　　　　　　　　Marla.Presley@jacksonlewis.com
　　　　　　　　　　　　　　　　　　　　Laura.Bunting@jacksonlewis.com

　　　　　　　　　　　　　　　　　　　　Veronica T. Hunter
　　　　　　　　　　　　　　　　　　　　*(Pro Hac Vice to be filed)*
　　　　　　　　　　　　　　　　　　　　717 Texas Avenue, Suite 1700
　　　　　　　　　　　　　　　　　　　　Houston, TX  77002
　　　　　　　　　　　　　　　　　　　　(713) 650-0404 (Tel)
　　　　　　　　　　　　　　　　　　　　Veronica.Hunter@jacksonlewis.com

　　　　　　　　　　　　　　　　　　　　Andrew J. Bellwoar
　　　　　　　　　　　　　　　　　　　　*(Pro Hac Vice to be filed)*
　　　　　　　　　　　　　　　　　　　　10701 Parkridge Blvd., Suite 300
　　　　　　　　　　　　　　　　　　　　Reston, VA  22102
　　　　　　　　　　　　　　　　　　　　(703) 483-8300 (Tel)
　　　　　　　　　　　　　　　　　　　　Andrew.Bellwoar@jacksonlewis.com

　　　　　　　　　　　　　　　　　　　　***Counsel for Defendant United States Steel Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2024, the foregoing document was filed with the clerk of this Court via the CM/ECF system, and served via email and first-class mail to the Plaintiff as follows:

Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
**WINEBRAKE & SANTILLO, LLC**
715 Twining Road
Suite 211
Dresher, PA  19025
Tel:     (215) 884-2491
asantillo@winebrakelaw.com

Timothy Conboy, Esq.
**CONBOYLAW, LLC**
733 Washington Road
Suite 201
Pittsburgh, PA  15228
Tel:     (412) 343-9060
tim@conboylaw.com

/s/ Laura C. Bunting
Laura C. Bunting (PA Bar No. 307274)

***Counsel for Defendant United States Steel Corporation***